# STATE v. KAREN DARLENE NOMIYA.

178 N. W. (2d) 905.

June 30, 1970—No. 42531.

*Courtney, Gruesen & Petersen,* for appellant.

*Douglas M. Head,* Attorney General, *Craig Anderson,* Special Assistant Attorney General, *John Arko,* County Attorney, and *James Bang,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court denying appellant's petition for a writ of habeas corpus.

In September 1968, appellant was prosecuted for the crime of second-degree murder and acquitted on the ground that she was insane at the time of the alleged crime. She was committed to the Minnesota Security Hospital at St. Peter, Minnesota, from which she was transferred to the Moose Lake State Hospital at Moose Lake, Minnesota. On February 3, 1969, Dr. William Davis, medical director of Moose Lake State Hospital, advised the district court by letter that appellant was wholly recovered and that no person or persons would be endangered by her discharge from

confinement. On February 10, 1970, appellant filed a petition for a writ of habeas corpus with the district court, claiming her right to be released from custody on the basis of Dr. Davis' letter. The matter was heard before the Honorable Donald C. Odden, who entered an order denying the writ. This appeal results.

Appellant contends that the district court must order the release from custody under Minn. St. 631.19 of any person committed to a mental hospital following acquittal of a crime on grounds of insanity when the superintendent of that hospital certifies that he believes such person is wholly recovered and that no person will be endangered by such discharge. Section 631.19 provides, in relevant part, as follows:

"The person so acquitted shall be liberated from such hospital or asylum upon the order of the court committing him thereto, when there is presented to the court the certificate, in writing, of the superintendent of the hospital or asylum where such person is confined, *certifying that in the opinion of such superintendent such person is wholly recovered and that no person will be endangered by his discharge.*" (Italics supplied.)

The district court does not have power to refuse to order the release of anyone whose recovery has been certified as specified in this section of the statutes. In State ex rel. Sundberg v. District Court, 185 Minn. 396, 400, 241 N. W. 39, 40, it was stated:

"Relator's status is distinctly not that of a criminal. On the contrary, he is simply a citizen who, having been formally accused of a crime, was as formally acquitted. But he was found to be suffering from mental disease to such an extent that in his own interest and for the safety of the public he was committed to a state institution, not as punishment but rather and only for observation and treatment. He is but a ward of the state, subject to no adverse legal implications except the presumption that his insanity continues until the contrary is shown. * * * So it would be an unconstitutional deprivation of liberty to continue

his confinement if he has recovered his sanity. If that has been shown in a legally sufficient manner, he is entitled to discharge as a matter of law, on a writ of habeas corpus in the absence of other adequate remedy." (Citations omitted.)

The same principles apply here. The statutory direction is clear. Any change in the law relating to the discharge of mental patients committed following acquittal of a crime on grounds of insanity must come from the legislature.

A question arises concerning whether the letter of Dr. Davis, medical director of Moose Lake State Hospital, satisfies the statutory requirement that the patient's recovery be certified by the "superintendent" of the hospital where such person is confined. The term "superintendent" must be understood to refer to the authority exercised by the official certifying the patient's recovery, rather than limiting the application of § 631.19 to certifications made by officials with the title of "superintendent." The medical director of a state hospital has full access to information concerning the recovery of patients in that hospital. He has opportunity to observe such patients personally. He exercises the authority of the superintendent and his certification of the patient's recovery invokes the provisions of § 631.19.

Reversed and remanded with instructions to enter an order of discharge.